## J. N. CRISSEY

### v.

### STATE OF ILLINOIS.

*Opinion filed April 10, 1905.*

1. STATUTE OF LIMITATIONS—*as to filing of unliquidated claims, still in force.* The statute of limitations providing that all unliquidated claims against the State shall be filed within two years fro mthe time such claims arise, is still in force.

2. SAME—*Introduction of bill in legislature within two years does not meet requirements of statute.* The statute provides the manner in which a claim must be presented against the State and the mere introduction of a bill in the general assembly does not meet the requirements of such statute.

3. LIQUIDATED DAMAGES—*what are.* A claim for damages for a herd of cattle taken and destroyed by the State where the value of the property must be ascertained from evidence, is a claim for unliquidatd damages.

The claimant in his bill of complaint alleges, that on the 18th day of January, 1901, the State of Illinois, by its duly appointed, qualified and acting Board of Live Stock Commissioners and its Veterinary Surgeon, acting under the direction and command of said Board, and without the permit or consent of the claimant and without warrant or authority of law, wrongfully, illegally and negligently, and with force, entered upon the premises of the claimant in the County of McHenry in this State, and under a pretended law of this State, took possession of a herd of cows and young cattle then and there the property of claimant and of the value of $940, and drove and carried them away without the consent of the claimant, and caused the same to be shipped and taken to the city of Chicago, a distance of about 70 miles from the said farm of claimant, and there killed and destroyed said cattle without warrant of law, and that there is due claimant from the tate as compensation for said cattle the sum of $474, with interest thereon till July 1, 1904, making a total of 545.60.

As a defense to these allegations the State in addition to the general issue pleads:

First. That said cattle were taken with the consent and at the request of the claimant.

Second. That the State has made full payment to the claimant for said cattle.

Third. That an accounting and adjustment has been made prior to the filing of this complaint, and that the amount that the State should pay to claimant for said cattle was adjusted, settled upon and agreed to by the claimant, and that the said amount was paid to the claimant in full satisfaction of all claims on account of the destruction of said cattle.

Fourth. That this claim is barred by the statute of limitations.

It appears from the evidence that one of the State Veterinary Surgeons went to the farm of the claimant and obtained from him a written request to test the cattle in question for Tuberculosis. Said request provided that, in the event any of said cattle proved to have indication of the presence of Tuberculosis, to indicate, in the judgment of the State Veterinary, the presence of Tuberculosis in such cattle, then such animals so affected were to be slaughtered; and if post-mortem indicated, in the judgment of the Veterinary, that the flesh of any of said animal was unfit for food, then the carcass of said animal was to be destroyed or manufactured into fertilizer. By said request the claimant also agreed and stipulated that the slaughter and destruction of any of said animals so affected should be without loss to the State of Illinois.

There was also a stipulation in said request that the carcass of any animal so slaughtered which should pass the inspection for human food, was to be disposed of by claimant, and in the event that post-mortem examination would not disclose the presence of disease of any animal, the State Board of Live Stock Commissioners was to make compensation to claimant for the differ-

ence between the proceeds derived from the sale of such carcass found fit for human food and a fair, reasonable appraised value for such animals on foot, the cattle being appraised by the claimant and the Veterinary Surgeon, and their value agreed upon as sound cattle.

The claimant contends that the request to have these cattle tested and the diseased ones slaughtered was obtained from him by force of threats and intimidation and is therefore void; and that he is entitled to their appraised value as sound cattle.

The proof shows that these cattle were tested at the farm of claimant; that said test showed some were diseased and some not; that the latter were left with the claimant and the former were afterwards taken to Chicago and there slaughtered and a post-mortem examination made for Tuberculosis; that all of said cattle so slaughtered were affected with Tuberculosis in various stages of advancement.

The evidence also shows that the carcasses of said cattle were disposed of by said board according to the stipulations in said request, that an allowance was made to claimant by said board for said cattle according to its rules; that payment of the sum specified in said allowance was made to claimant, and that he accepted said amount without objection or protest, and up to the time of filing this claim in this court made no legal demand for further or additional compensation from the State or from said board. There is nothing in the evidence tending to show that said payment was not made by the State and accepted by the claimant as a full and satisfactory settlement for said cattle. Hence the only logical conclusion to be arrived at is that the claimant voluntarily agreed to have these cattle tested, and that such agreement is binding upon him.

Under this state of the proof, no reason is perceived why the claim should not be barred both in law and equity, and the claimant estopped from recovering additional compensation. All the actions of the claimant

subsequent to the signing by him of the request to have these cattle tested lead to the conclusion that said request was made voluntarily and without force or intimidation and that he so considered it.

The statute of limitations is also interposed as a defense by the State. This statute provides that all unliquidated claims against the State shall be presented within two years from the time such claim may have arisen.

It is argued at length by counsel for claimant that said statute does not apply to this case for three reasons.

First. That said statute has been repealed.

Second. That this is a liquidated claim and does not come within the statute.

Third. That within two years from the time this claim arose there was a bill introduced in the general assembly of this State to pay this claim and that the introduction of said bill meets the provision of the statute requiring claims to be presented within two years.

As to the first contention it has been uniformly held by the commission of claims of which the court of claims is the successor, that said statute is an existing law of this State.

> *Trickle* v. *State,* decided Oct. 29, 1897;
> *Henderson* v. *State,* decided Dec. 16, 1897;
> *Carr* v. *State,* decided Dec. 16, 1897;
> *Carpenter* v. *State,* decided Dec. 16, 1897;
> *Fairbanks* v. *State,* decided Dec. 16, 1889.

If the request of claimant to have these cattle tested was void then it conferred no right upon the officers of the State to make an appraisement of the cattle in question, and such appraisement, if made, created no obligation upon the State. Therefore, the claimants' damages if his contention be correct would be the value of the property taken, which damages must necessarily be ascertained from evidence other than from said appraisement, and therefore would be a claim for unliquidated

damages. This claim having been filed in this Court on the 30th day of April A. D. 1904, more than two years after it arose, is therefore barred by the statute of limitations.

As to the third contention. The statute provides the manner in which a claim must be presented against the State and giving said statute the most liberal construction it cannot be held that the mere introduction of a bill in the general assembly in any way meets with the requirements of said statute.

For the above reasons this claim is rejected.